**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

YVONNE LLOYD                                                    PLAINTIFF

v.                          CASE NO. 4:06-CV-01546 GTE

DEL-JEN, INC./FLUOR COMPANY, LRJCC                              DEFENDANT

<u>ORDER</u>

Presently before the Court are Defendant's Motion to Dismiss (Docket No. 38) and

Defendant's Motions to Compel Discovery (Docket Nos. 33 and 45).

**I.  Motion to Dismiss**

In its motion, Defendant argues that Plaintiff's Amended Complaint should be dismissed

in its entirety because Plaintiff failed to comply with Local Rule 5.5(e).  Alternatively, Defendant

requests that Plaintiff's claims relating to her termination be dismissed because they are time

barred.  The Court will address each argument in turn.

**A.  Applicable Standard**

When ruling on a motion to dismiss, the court must accept the allegations contained in

the complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *Coons

v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).  A complaint shall not be dismissed for its

failure to state a claim upon which relief can be granted unless it appears beyond a reasonable

doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief.  *Young

v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). Nevertheless, dismissal under Rule

12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned

to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  *Id.* (citing

1

*Neitzke v. Williams,* 490 U.S. 319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).  To avoid

dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not

merely legal conclusions.  *Id.*

### B.  Failure to Comply with Local Rule 5.5(e)

Defendant asserts that Plaintiff's Amended Complaint did not comply with Local Rule

5.5(e), and therefore should be dismissed in its entirety as untimely.  On May 23, 2007, the Court

granted Plaintiff leave to file an amended complaint, but Plaintiff did not file it until June 6,

2007.  Local Rule 5.5(e) provides that "[t]he party amending shall file the original of the

amended pleading within five (5) days of the entry of the order granting leave to amend unless

otherwise ordered by the Court."

Plaintiff responds by requesting that the Court allow the filing of the Amended Complaint

on June 6, 2007, pursuant to the discretion that is clearly anticipated by the language in Rule

5.5(e) that permits the Court to "otherwise order," as the acts of the Plaintiff in this regard have

not caused delay, nor have they caused prejudice to the Defendant, who received the Amended

Complaint on May 2, 2007.  This Court "has discretion whether to accept or reject such untimely

filed materials."  *African American Voting Rights Legal Defense Fund, Inc. v. Villa*, 54 F.3d

1345, 1350 (8th Cir. 1995).  "A district court's refusal to accept untimely filed materials will not

be reversed for abuse of discretion unless the proponent of the materials has made an affirmative

showing of excusable neglect."  *Id*.  Defendant asserts that Plaintiff has made no showing of

excusable neglect, and provides no explanation for her noncompliance.

The Court declines to strike Plaintiff's Amended Complaint on this basis.  The Court

grants Plaintiff's belated request for an extension of time to file her Amended Complaint.  As a

2

copy of Plaintiff's Amended Complaint was attached to her Motion for Leave to File Amended and Substitute Complaint, Defendant suffered no prejudice from the late filing.[1]

### C.  Time Bar

Defendant asserts that Plaintiff's Amended Complaint, which was amended to include new claims of retaliation and discrimination under Title VII of the Civil Rights Act of 1964 relating to the termination of her employment, was not filed within 90 days of Plaintiff's receipt of a right-to-sue notice from the EEOC.  Thus, Defendant argues that Plaintiff's claims relating to her termination are time-barred and should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff argues that her Amended Complaint is not time barred because it relates back to the original Complaint and filing the Motion for Leave to Amend the Complaint tolled the statute of limitations.

"Before the federal courts may hear a discrimination claim, an employee must fully exhaust her administrative remedies."  *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003)). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue."  *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 222 (8th Cir. 1994) (citing 42 U.S.C. § 2000e-5(b), (c), (e)).  Once an individual receives notice of the right to sue, she has 90 days in which to file suit.  *Id*. (citing 42 U.S.C. § 2000e-5(f)(1)).

"If the EEOC gives the individual a right-to-sue letter following the EEOC investigation, the charge limits the scope of the subsequent civil action because 'the plaintiff may [only] seek

---

[1]The Court notes that prior to electronic filing, and if the amended complaint was signed, the Clerk's office would file the copy of the proposed amended complaint on the day that the order for leave to file an amended complaint was granted.

relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge.'" *Id*. (citing *Nichols,* 154 F.3d at 887).  "Permitting claims to be brought in court which are outside the scope of the EEOC charge would circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge." *Id*. (citing *Kells v. Sinclair Buick-GMC Truck, Inc.,* 210 F.3d 827, 836 (8th Cir. 2000); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 223 (8th Cir. 1994)).

Although the Court will "liberally construe an administrative charge for exhaustion of remedies purposes, [the Court] also recognize[s] that 'there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo,* a claim which simply was not made.'" *Id*. at 635 (citing *Parisi v. Boeing Co.,* 400 F.3d 583, 585 (8th Cir. 2005) (quoting *Shannon v. Ford Motor Co.,* 72 F.3d 678, 685 (8th Cir. 1996))).  Additionally, the Eighth Circuit has "considerably narrowed [its] view of what is 'like or reasonably related' to the originally filed EEOC allegations." *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 672 (8th Cir. 2006). However, the Eighth Circuit does "not require that subsequently-filed lawsuits mirror the administrative charges as long as the sweep of any subsequent judicial complaint is no broader than the scope of the EEOC investigation which could reasonably be expected to grow out of the charge filed in the EEOC complaint. *Id*. at 674 (internal quotations omitted).

"[I]t is well established that retaliation claims are not reasonably related to underlying discrimination claims. *Russell v. TG Missouri Corp*., 340 F.3d 735, 748 (8th Cir. 2003) (quoting *Wallin v. Minn. Dep't of Corrections*, 153 F.3d 681, 688 (8th Cir. 1998)).  Furthermore, "[d]iscrete acts such as termination, . . . are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful

4

employment practice." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). *See also Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827 (8th Cir. 2000) (holding that the plaintiff failed to exhaust administrative remedies with regard to his claim that he was unlawfully subjected to verbal harassment because such a claim was not reasonably related to his claims of discriminatory demotion and termination); *Williams*, 21 F.3d at 223 (finding that plaintiff's claims of race discrimination were separate and distinct from her claims of retaliation).

"[T]he ninety-day limitation period of 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional prerequisite to federal suit and is, therefore, subject to equitable tolling in appropriate circumstances." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). "Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff." *Id*. For example, "[t]he Supreme Court has held that equitable tolling is justified where the notice from the EEOC is inadequate, where motion for appointment of counsel is pending, where the court has led the plaintiff to believe all statutory requirements for bringing a suit have been satisfied, or where the defendant's conduct lulls the plaintiff into inaction." *Id*. at n.2 (citing cases).

On July 20, 2006, Plaintiff filed charges of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), alleging a hostile work environment and gender based discrimination from April 3, 2006 until July 20, 2006. Specifically, she stated:

> I was hired on March 23, 2000 as a transport driver. On or about April 3, 2006, I
> began to notice a difference in how my supervisor treated male and female

> employees.  I and other female employees were yelled at and told by the
> supervisor that he would not hire more females and that he did not like strong
> women.
>
> I was told by the senior security officer that she was instructed to write-up a
> number of females for frivolous incidents and she refused.
>
> I believe [I] was intimidated because of my sex, female, in violation of VII of the
> Civil Rights Act of 1964, as amended.

She states that she was terminated on July 21, 2006.  On July 27, 2006, the EEOC issued a

"Dismissal and Notice of Rights" letter to Plaintiff.  Plaintiff filed her original Complaint in this

action on October 18, 2006.  Plaintiff's original Complaint asserted that because of her sex, the

Defendant terminated her employment.  It also states:

> On or about April 3, 2006, I began to notice a difference in how my supervisor
> treated male and female employees and other females were yelled at and told by
> the supervisor that he would not hire more females and that he did not like strong
> women.

> On October 24, 2006, Plaintiff filed a second Charge of Discrimination, which stated:

> I was hired on March 23, 2000 in Transportation.  In March 2006, I took a random
> drug test.  Around April 5, 2006, I was contacted and given instructions to contact
> a doctor.  I informed my Supervisor about the positive test results.  However, the
> results were not true.  He referred me to Human Resources.  Around July 19,
> 2006, I filed EEOC charge number 493-2006-02161.  After I filed the EEOC
> charge, I faxed it to Human Resources.  On July 21, 2006, I was discharged.
>
> I was told that I was discharged because of the drug test results which were taken
> in March 2006.
>
> I believe that I was discriminated against because of my sex, female and in
> retaliation for filing a previous EEOC charge, in violation of Title VII of the Civil
> Rights Act of 1964, as amended.

On February 27, 2007, Plaintiff received a second "Dismissal and Notice of Rights."  On May 2,

2007, Plaintiff filed her Motion for Leave to File Amended and Substituted Complaint, which the

Court granted on May 23, 2007.  Plaintiff's Amended Complaint alleges that she was treated in a

discriminatory manner because of her gender and that her termination was an act of retaliation for filing a claim with the EEOC.  Ninety days after February 27, 2007, is May 28, 2007.  Plaintiff filed her Amended Complaint on June 6, 2007, which alleges that Plaintiff was treated in a discriminatory manner because of her gender and was terminated in retaliation for filing a claim with the EEOC.

As stated above, Defendant asserts that Plaintiff's Amended Complaint is time-barred.[2] However, Plaintiff argues that her Amended Complaint is not time barred because it relates back to the original Complaint and filing the Motion for Leave to Amend the Complaint tolled the statute of limitations.

Defendant notes that Plaintiff's termination and retaliation charges could not have been included in her first Charge of Discrimination because she had not yet been terminated at the time she filed her first Charge of Discrimination.  Defendant asserts that Plaintiff's allegations in her second Charge of Discrimination cannot relate back to the allegations in her first Charge of Discrimination because retaliation claims are not reasonably related to discrimination claims and cannot relate back to a previously filed discrimination claim.  Defendant also asserts that at the time Plaintiff filed her original Complaint, she had not received her second right to sue letter, and therefore, any claims regarding termination and retaliation contained in her original Complaint were premature.  Defendant also contends that the arguments by Plaintiff are insufficient to

---

[2]Defendant's reply requests that the Court strike Plaintiff's response, asserting that Plaintiff's response was due on June 26, 2007, but was not filed until June 28, 2007 and June 29, 2007.  While Local Rule 7.2(b) provides that a response to a motion must be filed within eleven days following service, Federal Rule of Civil Procedure 6(e) provides that "3 days are added after the prescribed period."  Therefore, Plaintiff's response was not untimely.

invoke equitable tolling.  Defendant states that Plaintiff presented no evidence of the circumstances beyond her control causing her noncompliance.

The Court finds that equitable tolling is appropriate under the circumstances presented. Plaintiff filed her Motion for Leave on May 2, 2007.  However, the Court did not rule on Plaintiff's motion until May 23, 2007.  In *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, , 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court stated:

> By holding compliance with the filing period to be not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires, we honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer.

By at least May 2, 2007, when Plaintiff filed her Motion for Leave with a copy of the Amended Complaint, Defendant had notice of the claims contained in Plaintiff's Amended Complaint, and therefore, is not prejudiced.  Defendant's motion is denied.

## II.  Motions to Compel

In Defendant's first Motion to Compel,[3] it requested that the Court enter an order compelling Plaintiff to submit her responses to Defendant's initial interrogatories and requests for production of documents, as well as her Rule 26(a)(1)(A) initial disclosures, by a date certain. In Defendant's second Motion to Compel, it states that Plaintiff has still not served her initial Rule 26(a) disclosures.  Furthermore, Defendant states that although Plaintiff served on Defendant her responses to Defendant's First Set of Interrogatories and Requests for Production

---

[3]The Court has already addressed Defendant's request in its first Motion to Compel for alteration of the Final Scheduling Order.

8

of Documents, Plaintiff's responses are non-responsive, incomplete and evasive.  Specifically, Defendant refers to the responses to Interrogatories 2, 3, 4, 6, 10, 11, 12, and 14 and Requests for Production 5 and 14.

Plaintiff replies by attaching supplemental answers to Defendant's discovery requests "[t]o the extent that some answers could be more complete."  She also states that her Rule 26(a) disclosures will be provided concurrently.  However, Plaintiff submitted her Pretrial Disclosure Sheet, also known as the Pretrial Information Sheet, pursuant to Federal Rule of Civil Procedure 26(a)(3),[4] rather than the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).  Plaintiff is directed to provide Defendant with her Rule 26(a)(1) Initial Disclosures on or before August 3, 2007.

Defendant appears to be satisfied with Plaintiff's supplemental answers to Interrogatories 2, 4, 6, and 12 and Request for Production 5.  However, Defendant continues to assert that Plaintiff's responses to Interrogatories 3, 10, 11, and 14 and Request for Production 14 are inadequate.

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

---

[4]In the Pre-Trial Disclosure Sheet, Plaintiff states that she is currently compiling the exhibit and witness information and will supplement the disclosure within one week.  While more than one week has passed, and no such supplement has been filed, the Court notes that according to the Amended Scheduling Order, the Pre-Trial Information/Disclosure Sheet is not due until August 20, 2007.  Plaintiff should supplement her Pre-Trial Information/Disclosure Sheet by the due date listed in the new Scheduling Order that the Court will issue, as discussed below.

Fed. R. Civ. P. 26(b)(1).  "All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause."  Fed. R. Civ. P. 33(b)(4).  Furthermore, courts have held that "[i]t is well settled that the failure to make a timely objection in response to a Rule 34 request results in waiver."  *Phillips v. Dallas Carriers Corp*., 133 F.R.D. 475, 477 (M.D.N.C. 1990).

### A.  Interrogatory 3

Interrogatory 3 states:

> Please identify the name, address and telephone number of all health care providers and/or facilities including, but not limited to, physicians, chiropractors, psychiatrists, psychologists, counselors, therapists, advanced registered nurse practitioners, hospitals or clinics from which you have received any health care or by whom you have been treated and/or examined in the past fifteen (15) years, and as to each, please describe the injury, disability, condition, sickness, disease, and/or infirmity for which you were treated, examined and/or provided consultation; the nature of the treatment you received; the dates you were seen by each provider and/or were a patient at each such facility; whether or not such treatment was sought as a result of any damages or injuries that you claim Defendant (or any agent of Defendant) caused and please execute the attached HIPPA Compliant Authorization for Release of Information (45 CFR § 164.508).

Plaintiff objects to this request as excessive and not reasonably calculated to produce information relevant to this lawsuit.  Plaintiff states that she has received no treatment in the past for psychological injuries, and has received no treatment for psychological injuries related to matters alleged in her Complaint.  Plaintiff further states that she has type II diabetes, controlled by diet. She states that she does not claim to have received treatment for medical injuries as a result of the conduct of Defendant, and is available for deposition to discuss the effects of the acts of Defendant upon her mental well-being.

Defendant responds by noting that Plaintiff has indicated that she intends to seek all damages available under the law, which would necessarily include non-wage compensatory damages for pain, suffering, and humiliation available under Title VII, and for the "emotional trauma" of being mistreated, fired and denied unemployment.  Additionally, Plaintiff has stated that she is seeking "special damages" for "psychological injuries," including emotional pain, insomnia, mental anguish, and loss of enjoyment of life.  Defendant asserts that Plaintiff's claims have placed her physical, mental and emotional condition in issue and Defendant is entitled to discovery the scope, nature, and duration of her alleged condition(s) as well as the extent to which Plaintiff's mental, physical, or emotional condition prior to the alleged discrimination may have contributed to her claimed emotional trauma.  Defendant further asserts that the information sought is likely to lead to relevant admissible evidence going to Plaintiff's credibility.  Finally, Defendant states that Plaintiff has waived any objection to Interrogatory 3 by failure to timely object.

The Court will grant Defendant's motion as to Interrogatory 3.  As stated by Defendant, Plaintiff waived any objection by her failure to timely object.  However, the Court limits the time frame to the past five years, as the Court is of the opinion that fifteen years is excessive.  Plaintiff is directed to provide a supplemental answer to Interrogatory 3 consistent with Defendant's request and this Order on or before August 3, 2007.

**B.  Interrogatory 10**

Interrogatory 10 states:

Please itemize all damages you claim in this lawsuit and include the method you used to calculate the same; the identity of each person who has knowledge of or

11

assisted you in calculating the damages, the identity of any documents that support the calculation and state whether you claim any special damages.

Plaintiff responds by stating:

Plaintiff will be asking for lost wages and any and all other damages available under the law.  Documents that support the calculations include pay stubs and tax returns.  Plaintiff's attorneys will assist in calculating damages.  Special damages claimed for psychological injuries are listed below.

Defendant asserts that Plaintiff does not "itemize" her damages and does not provide a description of how she calculated her damages, and therefore, the response is deficient.  Plaintiff does not address Interrogatory 10 in her response, and does not object to Interrogatory 10.  Therefore, the Court grants Defendant's motion as to Interrogatory 10.  Plaintiff is directed to provide a supplemental answer to Interrogatory 10 consistent with Defendant's request and this Order on or before August 3, 2007.

### C.  Interrogatory 11

Defendant makes the following request in Interrogatory 11:

If you claim to have suffered personal injuries, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, please describe with specificity each injury or loss you claim to have suffered, including the symptoms of said injury or loss, when the symptoms began, their duration, whether you sought medical or other treatment for said injury or loss.

Plaintiff responds by stating, "Yes.  Plaintiff has suffered emotional pain, insomnia, mental anguish, and loss of enjoyment of life."

Defendant asserts that Plaintiff does not describe the symptoms of her alleged injuries, the duration of her alleged injuries, or whether she sought treatment for her alleged injuries. The

12

Court grants Defendant's motion as to Interrogatory 11. Plaintiff is directed to provide a

supplemental answer to Interrogatory 11 consistent with Defendant's request on or before August

3, 2007.

### D.  Interrogatory 14

In Interrogatory 14, Defendant requests the following:

> Identify all individuals or entities with whom you have sought employment since
> your separation from employment with Defendant, and, for each such individual
> or entity, describe the position(s) sought; the date of application(s) of employment
> (or employment contract(s)), whether or not such position was offered as a result
> thereof; the reason given, if any, why the position was not offered (if applicable);
> the names and titles of the individual(s) with whom you interviewed, or with
> whom you spoke in connection with seeking such employment, regarding each
> such application of employment (or employment contract); the rate of pay for any
> employment position offered; and the benefits for any employment position
> offered.  Please execute the attached Authorization for Release of Employment
> Records.

Plaintiff's original response states, "I have sought employment at L'Oreal and was hired in late

March, early April, 2007 but have since left that employment in May, 2007.  I have now applied

with a company called Coach and will enter training soon to drive a bus."  Plaintiff's

supplemental response simply states, "Plaintiff was hired at L'Oreal in late March of early April,

2007, but left that employment in May, 2007."

Defendant states that Plaintiff has failed to provide most of the information requested,

including, but not limited to, the dates on which she submitted applications, identification of

position(s) sought, the pay rate for position(s) sought, the benefits for position(s) sought, or any

of the other information sought.  Defendant asserts that this information is relevant to Plaintiff's

efforts to mitigate her damages and is likely to lead to the discovery of other admissible evidence.

13

The Court grants Defendant's motion as to Interrogatory 14. Plaintiff is directed to provide a supplemental answer to Interrogatory 14 consistent with Defendant's request on or before August 3, 2007.

**E.  Request for Production 14**

Defendant's Request for Production 14 requests, "All documents in your possession reflecting your participation in any civil, criminal, or agency proceeding, including, but not limited to, any judgments against you."  Plaintiff's original response stated:

> Plaintiff is attempting to obtain her personal injury file from John Walker. Plaintiff has already enclosed and explained documents regarding her attempt to draw unemployment.  The file currently in the possession of Mr. Walker apparently concerns an accident Plaintiff had while on the job and may be relevant to this matter.  Plaintiff has had a collection action filed against her in the past, but that action is not relevant to this lawsuit and she objects to this request for any documents not relevant to this proceeding.

Plaintiff's supplemental answer states,

> Plaintiff does not have any such documents in her possession at this time, with the exception of documents that have already been provided to Defendant, including unemployment proceeding documents.  Plaintiff is also attaching documents from Sherry Dixon's workers' compensation hearing.  Documents related to a garnishment proceeding for medical bills are attached.  Documents related to a personal injury claim are attached.

Defendant seeks additional information concerning the collection action.  However, Plaintiff continues to object to providing a more detailed response absent some showing of how, for instance, a collection lawsuit, is related to the pending litigation. Defendant asserts that the documents being withheld are relevant, or likely to lead to the discovery of relevant and admissible evidence, because they may demonstrate motive and opportunity as it relates to

Plaintiff filing the present lawsuit, reflect on Plaintiff's credibility, and lead to the discovery of other admissible evidence, such as employers that Plaintiff has not identified, litigation she has not identified, sources of income she has not identified, etc.  Defendant's motion is granted as to Request for Production 14.  To the extent that Plaintiff has documents relating to the collection action, Plaintiff is directed to produce said documents on or before August 3, 2007.

## <u>CONCLUSION</u>

Defendant's Motion to Dismiss is denied.  However, Defendant's Motions to Compel are granted to the following extent:  Plaintiff is directed to provide Defendant with her Rule 26(a)(1) Initial Disclosures on or before August 3, 2007.  Additionally, Plaintiff is directed to provide supplemental answers to Interrogatories 3, 10, 11, and 14 and Request for Production 14 consistent with Defendant's request and this Order on or before August 3, 2007.

**The Court cautions the Plaintiff that her failure to timely comply with this Order will result in the *sua sponte* dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).**  Finally, for good cause shown, the Court will amend the Scheduling Order.  An Amended Scheduling Order will issue forthwith.

Accordingly,

IT IS THEREFORE ORDERED THAT Defendant's Motion to Dismiss (Docket No. 38) be, and it is hereby DENIED.

IT IS FURTHER ORDERED THAT Defendant's Motion to Compel Discovery (Docket No. 33) be, and it is hereby, GRANTED as set forth above.

15

IT IS FURTHER ORDERED THAT Defendant's Motion to Compel Discovery (Docket No. 45) be, and it is hereby, GRANTED as set forth above.

IT IS SO ORDERED this 25th day of July, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE