**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**YVONNE LLOYD**                                                         **PLAINTIFF**

**v.**                              **CASE NO. 4:06-CV-01546 GTE**

**DEL-JEN, INC. and**
**FLUOR COMPANY, LRJCC**                                     **DEFENDANT**

**ORDER ON MOTION FOR COSTS**

Presently before the Court is Defendant Del-Jen, Inc.'s Motion for Award of Costs.  As

the prevailing party in this case, Defendant Del-Jen, Inc. ("Del-Jen") asserts that it is entitled to

costs in the amount of $4,839.17.

Federal Rule of Civil Procedure 54, entitled "Costs Other than Attorneys' Fees," provides

in pertinent part:

> Except when express provision therefor is made either in a statute of the United
> States or in these rules, costs other than attorneys' fees shall be allowed as of
> course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d)(1).  28 U.S.C. § 1920 defines "costs" and sets forth the categories of trial

expenses awardable to a prevailing party under Rule 54(d), including:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript
>      necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in
>      the case;
>
> . . .

1

28 U.S.C. § 1920. "While the above-enumerated costs are presumed to be taxable, the Court

must exercise discretion in assessing costs, only allowing taxation of costs for materials

'necessarily obtained for use in the case,' 28 U.S.C. § 1920, and in an amount that is reasonable."

*Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich.1995) *(*citing *Holmes v. Cessna Aircraft*

*Co.,* 11 F.3d 63, 64 (5th Cir. 1994); *U.S. Industries,* 854 F.2d at 1245; *Griffith v. Mt. Carmel*

*Medical Center,* 157 F.R.D. 499, 502 (D. Kan. 1994); *Voight,* 141 F.R.D. at 101). "In seeking

costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he

seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity

and reasonableness under 28 U.S.C. § 1920. *Id.*

Federal Rule of Civil Procedure 54(d) has been interpreted as creating a presumption that

costs are to be awarded to the prevailing party. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346,

352, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981); *Martin v. Daimler-Chrysler,* 251 F.3d 691, 696

(8th Cir. 2001) (citations omitted). "Despite this presumption, however, the district court has

substantial discretion in awarding costs to a prevailing party." *Greaser v. State, Dept. of*

*Corrections*, 145 F3d 979, 985 (8th Cir. 1998) (upholding district court's denial of costs to

prevailing defendant in discrimination case). Although some circuits are of the view that costs

should only be denied to a prevailing party if it is guilty of some misconduct or other action

worthy of penalty, it appears that the Eighth Circuit takes a broader view, finding that Rule

54(d)'s grant of discretion alone permits a court to deny costs. *Greaser*, 145 F.3d at 985.

Also, the Court may consider Plaintiff's limited financial resources. *Cross v. General*

*Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). The court in *Wal-Mart Stores, Inc. v. Crist*,

123 F.R.D. 590, 594-95 (W.D. Ark. 1988), stated:

In Bartel, *Taxation of Costs and Awards of Expenses (1984),* 101 F.R.D. 553, the author at p. 559, cites numerous cases from many jurisdictions for the conclusion that "an award of costs is within the 'sound discretion of the district court.' " The author of that article also sets forth, beginning at p. 561, a wide range of reasons that have been invoked by courts to justify withholding costs from the prevailing party. Among those reasons are "absence of clear victory" and "indigency and good faith."

. . .

In Bartel, *supra,* at p. 561, it is said that: "the most common bases for denying costs to prevailing defendants have been the indigency of the losing plaintiff...." (citing cases). In cases such as *Maldonado v. Parasole,* 66 F.R.D. 388, 390 (E.D.N.Y. 1975), courts have said that: "indigency is a proper ground for denying costs in cases where there is a wide disparity of economic resources between the parties."

. . .

The Court of Appeals for the Eighth Circuit recognized the trial court's right and discretion to deny costs to a prevailing party in the case of *Boyd v. Ozark Airlines, Inc.,* 568 F.2d 50, 55 (8th Cir.1977). The Court said:

> While costs are normally awarded to the prevailing party, such an award is within the sound discretion of the trial court. Fed. R. Civ. Proc. 54(d); 6 Moore's Federal Practice § 54.70[5] (2d ed. 1976). Since the trial court did award Boyd $2,500 in attorneys' fees, we cannot say that it abused its discretion in failing to award her costs as well.

However, "unsuccessful indigent litigants are not automatically shielded from the imposition of costs against them." *McGill v. Faulkner,* 18 F.3d 456, 458 (7th Cir. 1994). *See also Thompson v. Wal-Mart Stores*, 472 F.3d 515, 517 (8th Cir. 2006) (reversing a district court's denial of costs that "is fair to both Wal-Mart and [Thompson]" because a general statement of fairness is insufficient to rebut the Rule 54(d)(1) presumption for an award of costs to the prevailing party).

Plaintiff argues that the Court should deny all costs because she is the sole provider for her disabled mother, disabled son, and grandchildren, and makes approximately $8.00 per hour at

her current job.  Additionally, Plaintiff notes the vast disparity in wealth between her and the

Defendants.

Defendant submits an expense spreadsheet with an affidavit from the Office Manager of

Defendant's counsel.  The first 15 items are expenses to travel to Little Rock for depositions.

Defendant cites no provision allowing for the award of such costs.  Similarly, Defendant cites no

provision for an award of postage.  Several pages of the expense sheet contain line items with no

explanation at all.  Therefore, costs are denied.

Defendant also claims expenses for the production of various employment and medical

records of Ms. Lloyd, and for a background investigation of Ms. Lloyd.  It does not appear that

Defendant presented these documents in support of their summary judgment motion.

Furthermore, Defendant has failed to explain how the copies of papers were "necessarily

obtained for use in the case."  Thus, the Court will deny these costs.

Finally, Defendant claims $248.50 for the deposition of Darnell McClinton, Plaintiff's

immediate supervisor, and $1,207.00 for the deposition of Plaintiff Yvonne Lloyd.  Depositions

that are merely investigative, preparatory, or useful for discovery, rather than for the presentation

of the case typically are not taxable costs.  *See* Wright, Miller, & Kane, *Federal Practice and*

*Procedure*, § 2676 at 428; *Koppinger v. Cullen-Schiltz and Assocs.*, 513 F.2d 901, 911 (8th Cir.

1975) ("[T]he expense of depositions not used at the trial [can] be taxed provided they were

reasonably necessary for the case and not purely investigative in nature.").  This Court's policy is

not to allow deposition costs to be recovered unless the deposition was used at trial or the

requesting party makes a specific showing that the deposition was reasonably necessary for the

case rather than purely investigative.  "When a deposition is not actually used at trial, whether its cost is taxable is determined by determining whether the deposition reasonably seemed necessary at the time it was taken."   See 10 Wright, Miller, & Kane, <u>Federal Practice and Procedure</u>, § 2676 at 424.

"The justification for taxing the expense of a deposition that is introduced in evidence also supports taxing the expense of a deposition employed on a successful motion for summary judgment." *See* 10 Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2676 at 423. "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost is taxable is determined by determining whether the deposition reasonably seemed necessary at the time it was taken."  <u>See</u> 10 Wright, Miller, & Kane, <u>Federal Practice and Procedure</u>, § 2676 at 424.

Plaintiff's deposition was clearly used in Defendant's successful Motion for Summary Judgment.  Therefore, the Court awards Defendant $1,207.00 for the deposition of Ms. Lloyd. However, it does not appear that Mr. McClinton's deposition was used in Defendant's motion. Therefore, the question becomes whether the deposition seemed necessary at the time it was taken.  Plaintiff alleged that Mr. McClinton sexually harassed her.  Therefore, the Defendant reasonably took his deposition in preparation for trial to controvert or verify Plaintiff's allegations.  Therefore, the Court will award $248.50 for the deposition of Darnell McClinton.

Accordingly,

IT IS THEREFORE ORDERED that Defendant Del-Jen's Motion for Award of Costs

(Docket No. 101) be, and it is hereby, GRANTED in part and DENIED in part.  Costs in the

amount of $1455.50 are hereby awarded to Defendant.

Dated this 15th day of November, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE